IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CALVIN NORMAN,** *Individually,* *and on Behalf of Estate of Ella Norman*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:20-CV-3022-L** |
| **DALLAS TEXAS HEALTHCARE LLC d/b/a Skyline Nursing Center, and OASIS HEALTHCARE PARTNERS, LLC,** | § § § § § § | |
| Defendants. | § § | |

## ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge Rebecca Rutherford ("Report") (Doc. 58) was entered on June 7, 2023, recommending that the court **grant in part and deny in part** Defendants Dallas Texas Healthcare LLC d/b/a Skyline Nursing Center and Oasis Healthcare Partners, LLC's (collectively, "Defendants") Motion for Judgment on the Pleadings (Doc. 35) ("Motion") and **dismiss** Plaintiff Calvin Norman's ("Plaintiff") claims for ordinary negligence. Report 1.

On April 11, 2020, Plaintiff's mother died after contracting COVID-19 at Skyline Nursing Center, a skilled nursing facility owned and operated by Defendants. Orig. Pet. 5 (Doc. 1-1). On August 14, 2020, Plaintiff filed this wrongful death and survival action in Texas state court, asserting claims against Defendants for medical negligence, corporate negligence, and gross negligence. *Id.* at 5-12. On June 14, 2021, the Texas Legislature enacted the Pandemic Liability Protection Act ("PLPA") which added section 74.155 to the Texas Civil Practice and Remedies Code. Section 74.155 shields health care providers from liability for their negligence—but not

their "reckless conduct" or "intentional, willful, or wanton misconduct"—resulting in injuries or death arising from their care, treatment, or failure to provide care or treatment, related to a "pandemic disease." Tex. Civ. Prac. & Rem. Code § 74.155(b). On August 2, 2022, Defendants sought leave and filed their First Amended Answer to include the section 74.155 immunity defense. Thereafter, Defendants filed their Motion.

Defendants argue that section 74.155 bars Plaintiff's claims because they have immunity, and, alternatively, that Plaintiff fails to adequately set out the facts to support a claim for gross negligence. Plaintiff responds that Defendants failed to adequately plead the immunity defense and demonstrate the absence of issues of material facts. Resp. 8-13. At the time the Report was filed, section 74.155 was "barely two years old" and "no appellate court has had occasion to examine [section 74.155]'s limits, applicability to a judgment on the pleadings proceeding, or constitutionality." Report 6 (citing Pl.'s Resp. to Motion 15). Since the filing of the Report, this remains true; only four courts have even discussed the application of section 74.155 in various contexts.

On August 19, the court referred Defendants' Motion to the Magistrate Judge for findings, conclusions, and recommendation. *See* Order (Doc. 37). In her Report, the Magistrate Judge construed Plaintiff's medical negligence and corporate negligence claims as "ordinary" negligence claims and found that Defendants have immunity because they qualify for the defense set out in section 74.155. Report 10. As to Plaintiff's gross negligence claim, the Magistrate Judge found that Plaintiff plausibly alleged that "Defendants may have been grossly negligent with respect to the consequences of a lack of care for [Plaintiff's mother]" and that Defendants do not qualify for immunity from Plaintiff's gross negligence claim because the claim falls under the exception provided in section 74.155. *Id.* at 11, 16. Next, the Report addresses Plaintiff's constitutional

**Order – Page 2**

challenge to section 74.155 and finds that the retroactive application of section 74.155 is not unconstitutional.

On June 21, 2023, Defendants filed Objections to the Report (Doc. 59); on July 5, 2023, Plaintiff filed a Response to Defendants' Objections (Doc. 61); and, on July 19, 2023, Defendants filed a Reply to Plaintiff's Response (Doc. 62). Defendants object to the Magistrate Judge's finding that Plaintiff alleged sufficient facts to state a claim for gross negligence, and, alternatively, that "section 74.155(b)'s exception for 'reckless conduct' or 'intentional, willful, or wanton misconduct' contemplates a higher standard than gross negligence." Defs.' Obj. 9. Plaintiff did not file objections to the Report, and the time to do so has passed.

Having considered the pleadings, Motion, Report, file, and record, and having conducted a *de novo* review of the portions of the Report to which objections were made, the court determines that the Magistrate Judge's finding and conclusions in the Report are correct and **accepts** them as those of the court. Accordingly, the court **grants in part and denies in part** Defendants' Motion for Judgment on the Pleadings and **dismisses with prejudice** Plaintiff's claims for ordinary negligence against Defendants. The only remaining claim is, therefore, Plaintiff's gross negligence claim.

**It is so ordered** this 19th day of December, 2023.

Sam A. Lindsay
United States District Judge

Order – Page 3